IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:20-CR-77

JAMAAL ROBINSON

### ORDER

Jamaal Robinson seeks 28 U.S.C. § 2255 relief based on his argument that 18 U.S.C. § 922(g)(1) is unconstitutional. Robinson's § 2255 motion will be denied.

### I
### Relevant Factual and Procedural History

On October 8, 2020, a federal grand jury returned a one-count Indictment against Jamaal Robinson charging him with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Doc. #1. Pursuant to a plea agreement with the government, Robinson pled guilty to the Indictment's sole count on March 17, 2021. Docs. #27, #28. On September 1, 2021, the Court sentenced Robinson to forty months of imprisonment and three years of supervised release, and entered a judgment accordingly the next day.[1] Doc. # 51. Robinson did not appeal the judgment. And at no point before the entry of the judgment did Robinson challenge the constitutionality of § 922(g)(1).

On September 14, 2023, Robinson filed a pro se motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence, arguing that § 922(g)(1) is unconstitutional as applied. Doc. # 56. The government responded in opposition on December 20, 2023. Doc. # 59. Robinson did not reply.

---

[1] Robinson's expected release date is December 4, 2024. *See* Federal Bureau of Prisons, *Find An Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 8, 2024).

II
**Standard**

After a defendant has been convicted and exhausted or waived any right to appeal, a "[c]ourt is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). There are four separate grounds upon which a federal prisoner may seek relief under 28 U.S.C. § 2255: (1) the judgment was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the judgment; (3) the sentence exceeds the statutory maximum sentence; or (4) the judgment or sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A collateral attack limits a movant's allegations to those of "'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid*, 987 F.2d 228, 232 (5th Cir. 1991)). Accordingly, relief under § 2255 is reserved for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

III
**Analysis**

A. Timeliness

Section 2255 motions are governed by a one-year limitations period which runs from:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When a defendant does not file a direct appeal, his conviction becomes final fourteen (14) days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i); *United States v. Duran*, 934 F.3d 407, 410 (5th Cir. 2019).

The Court entered Robinson's judgment on September 2, 2021. Doc. #51. Since Robinson did not appeal the judgment, his conviction became final fourteen days later on September 16, 2021. Absent the application of subsections (f)(2)–(4) of § 2255, Robinson had to have filed a § 2255 motion on or before September 16, 2022, to be deemed timely. 28 U.S.C. § 2255(f)(1). Robinson though argues his motion is timely because § 922(g)(1) has been recently ruled unconstitutional, thereby rendering his conviction invalid. Doc. #56 at PageID 198–201. In response, the government "concedes that [Robinson's] motion should not be time-barred, but … assert[s] that the motion is premature." Doc. #59 at 2.

Neither Robinson nor the government identifies which subsection of § 2255 would render Robinson's motion timely.[2] *See generally* Docs. #56, #59. Still, the untimeliness of a § 2255 motion "is an affirmative defense that the Government may waive." *United States v. Pierce*, 489 F. App'x 767, 768 (5th Cir. 2012) (citing *Day v. McDonough*, 547 U.S. 198, 205, 210 n.11 (2006)). And "[i]f the Government chooses to waive the defense," as it seems to have done here, "the

---

[2] Robinson seems to believe the Third Circuit's recent decision in *Range v. Attorney General*, 69 F.4th 96 (3rd Cir. 2023), is an intervening change in the law applicable to his case. *See* Doc. #56 at PageID 199. In *Range*, the Third Circuit held § 922(g)(1) unconstitutional as applied to that particular defendant. 69 F.4th at 98. The United States Supreme Court has not yet ruled on the government's petition for certiorari in the case. *See* United States Supreme Court website, www.supremecourt.gov (docket search of "Bryan David Range" shows petition for certiorari pending) (last accessed on April 8, 2024). Consequently, *Range* is binding authority only for district courts in the Third Circuit and there has been no change in controlling law that would trigger the limitations period anew under § 2255(f)(3).

district court is 'not … at liberty to disregard that choice.'" *Id.* (citing *Day*, 547 U.S. at 210 n.1.). So the Court will address Robinson's § 2255 motion on the merits.

### B. Merits

Robinson's request for § 2255 relief is based on his contention that § 922(g)(1) unconstitutionally infringes on his Second Amendment right to bear arms.[3] Doc. #56 at PageID 193. Section 922(g)(1) provides in relevant part that it "shall be unlawful for any person … who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1).

The United States Supreme Court has recognized that "the Second Amendment is not unlimited" and that the right to bear arms is restricted to "law-abiding, responsible citizens." *District of Columbia v. Heller*, 554 U.S. 570, 626, 635 (2008). In *Heller*, the Supreme Court explained that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons …." *Id.* at 626. Following the Supreme Court's decision in *New York State Rifle & Pistol Association Inc. v. Bruen*, 597 U.S. 1 (2022), however, there have been an onslaught of challenges to § 922(g)(1) constitutionality. In *Bruen*, the Supreme Court expounded on *Heller*'s standard for evaluating the constitutionality of firearms regulations, advising courts to focus solely on first the text on the Second Amendment and second "the Nation's historical tradition of firearm regulation." *Id.* at 26–31. Yet *Bruen* reaffirmed the longstanding recognition of permissible exception to the Second Amendment by repeatedly referencing that the right to bear arms belongs to "law-abiding" citizens. *Id.* at 9, 15, 26, 29, 30, 31, 38, 60, 70, 71.

---

[3] Robinson relies on the Third Circuit's *Range* decision to challenge his conviction under § 922(g)(1). Doc. #56 at PageID 196–97, 199. As noted above, *Range* is currently binding only on district courts in the Third Circuit, and the petition for certiorari remains pending.

4

Pre-*Bruen*, the Fifth Circuit "reaffirmed [its] prior jurisprudence" holding that "criminal prohibitions on felons (violent or nonviolent) possessing firearms did not violate" the Second Amendment. *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *see United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017) (reaffirming constitutionality of § 922(g)); *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185, 194 n. 7 (5th Cir. 2012), *abrogated on other grounds by Bruen*, 597 U.S. at 19–26. Post-*Bruen*, the Fifth Circuit has yet to address a renewed challenge to § 922(g)(1) but it has found on plain error review that "there is no 'binding precedent holding that § 922(g)(1) is unconstitutional,'" *United States v. Murray*, No. 23-10234, 2024 WL 21398, at *2 (5th Cir. Jan. 2, 2024) (quoting *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023), *cert. denied*, No. 23-6769, 2024 WL 1143799 (U.S. Mar. 18, 2024)); and that "neither *Bruen* nor *Rahimi* dictates such a result."[4] *United States v. Cuevas*, No. 23-60294, 2024 WL 303255, at *2 (5th Cir. Jan. 26, 2024). As the Fifth Circuit makes clear, "[w]e are bound by our precedent unless the Supreme Court or our en banc court has changed the relevant law." *United States v. Leontaritis*, 977 F.3d 447, 451 n.1 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 335 (2021). Likewise, this Court is bound by the controlling precedent of the United States Supreme Court and the Fifth Circuit, which presently continues to uphold the constitutionality of § 922(g)(1).[5] For these reasons, Robinson fails to demonstrate the existence of controlling authority—from either the United States Supreme Court or the Fifth Circuit—that

---

[4] In *United States v. Rahimi,* the Fifth Circuit found 18 U.S.C. § 922(g)(8) unconstitutional. 61 F.4th 443 (5th Cir. 2023). Section 922(g)(8) prohibits individuals under a domestic violence restraining order from possessing firearms while § 922(g)(1) prohibits convicted felons from possessing firearms.

[5] As recognized by the government in its response, district courts across the country have upheld the constitutionality of firearm prohibitions for felons in at least 120 instances. Doc. # 59 at 7 n.3.

invalidates § 922(g)(1) as applied to him.[6]  Consequently, Robinson is not entitled to § 2255 relief at this time.[7]

## IV
## Certificate of Appealability

When considering a § 2255 motion, a court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For a case rejected on its merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in § 2255 proceeding). To obtain a certificate of appealability on a claim that has been rejected on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court concludes a certificate of appealability should not issue in this case.

---

[6] Given this, an evidentiary hearing in this case is not warranted. An evidentiary hearing is required on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). It is the movant's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). If there is no "'independent indicia of the likely merit'" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

[7] Robinson is not precluded from seeking § 2255 relief in the future should there be a change in controlling authority applicable to his conviction.

6

V
**Conclusion**

Robinson's 28 U.S.C. § 2255 motion [56] is **DENIED without prejudice**. A certificate of appealability is **DENIED**. A separate final judgment will issue.

**SO ORDERED**, this 8th day of April, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**