IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.     NO. 4:20-CR-77

JAMAAL ROBINSON

**ORDER**

Jamaal Robinson pled guilty to possessing a firearm as a felon, for which the Court sentenced him on September 1, 2021, to forty months of imprisonment followed by three years of supervised release. Doc. #51 at 1–3. On December 21, 2023, Robinson filed a pro se "Motion for Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10." Doc. #60. As cause, Robinson represents:

> Upon review of [his] Amendment 821 criminal history status points, it is clear that he is eligible for a two point reduction from his criminal history points, eight minus two. Thus lowering his criminal history points to six, and shifting his criminal history category from four down to three, allowing this Court to reduce his sentence accordingly.

Doc. #60 at 4.[1] The government responds[2] that Robinson's pro se motion should be denied because "applying Amendment 821, Part A retroactively would have no impact on Robinson's recommended sentence range" because:

> Robinson has seven (7) criminal history points. Under the previous USSG § 4A1.1(d) (now § 4A1.1(e)), he received two (2) status points, which resulted in the criminal history category of IV. As noted above, with that calculation, Robinson's recommended guideline range was 37-46 months. Applying the new § 4A1.1(e) guideline to Robinson would eliminate one (1) of the two (2) status points, but that would not result in a lower criminal history of III. His recommended guideline range would remain 37-46 months.

---

[1] According to Robinson, an adjustment of his criminal history points "affects both his recidivism and male custody classification socres [sic] in the Bureau of Prisons." Doc. #60 at 4.

[2] The government's June 6, 2024, response is untimely. *See* U.L. Crim. R. 47(C)(1) (setting response deadline as "eleven calendar days after a motion is filed").

Doc. #63 at PageID 238, 240 (citations omitted).

Because Robinson has been released from the custody of the Bureau of Prisons and commenced his supervised release term,[3] his pro se motion [60] is **DENIED as moot**.[4]

**SO ORDERED**, this 10th day of December, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Federal Bureau of Prisons, *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited December 10, 2024).

[4] *See U.S. v. Cawthorne*, Nos. 24-30090, 24-30129, 2024 WL 3861370, at *1 (5th Cir. Aug. 19, 2024) (consolidated appeals of denial of § 3582(c)(2) sentence reduction dismissed as moot since defendant was released from federal custody); U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."). If Robinson was in BOP custody, his pro se motion for a sentence reduction under § 3582(c)(2) still would be denied. Section 3582(c)(2) provides that for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … the court may reduce the term of imprisonment, after considering the [3553(a)] factors … to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." However, the government is correct that Robinson's criminal history category would not be reduced if his criminal history points were reduced by one point, and a one-point reduction is all that would apply.